Caruthers, J.,
delivered the opinion of the Court.
This case was transferred from the Gribson Chancery Court, before any decree, under the provisions of the acts of 1825, ch. —, and 1829, ch —, by which the Chancellor was authorized to make such transfer, where a case had been continued two terms, on account of the Chancellor’s incompetency.
Are these acts now in force, or have they been super *433 seded by the constitution of 1834, and the act of 1835 ? It is a question of jurisdiction, and should be deliberately settled. While, on the one hand, this Court would not diminish or restrict its jurisdiction, yet, on the other, it should be as careful not to enlarge or extend it beyond the limits fixed by the constitution, and laws enacted in conformity to it. This is the more important, as this is made an independent, co-ordinate department of the government, and within its prescribed limits there is no power that can control it. It is as independent, within its proper sphere, as is the Executive or Legislature. The -people have entrusted to this department the supreme judicial power, and placed it and its jurisdiction, beyond the legislative power. Neither can one interfere with or control the other, in the proper discharge of its functions.
Under the old constitution, this was not so. This department was, by that, entirely the creature of the Legislature. In article 5, sec. 1, it says: “ The judicial power of . the State shall be'vested in such superior and inferior Courts of Law and Equity, as the Legislature shall, from time to time, direct and establish.” 1 Scott’s Rev., 532.
By the constitution of 1834, art. 6, it is provided, that, “The judicial power of this State shall be vested in one Supreme Court, and such inferior Courts as the Legislature shall, from time to time, order and establish; and the judges thereof,” &c. The convention then made this a constitutional Court, and not being content even to leave the scope and extent of its jurisdiction to the Legislature, prescribed it differently in the next section:
“ The jurisdiction of this Court shall be appellate only, under such restrictions and regulations as may, from time *434 to time, be prescribed by law; but it may possess such other jurisdiction as is now conferred by law on tbe present Supreme Court.”
The last clause, it is insisted, covers the case before us, as by the act of 1829 the old Supreme Court had jurisdiction in such cases. We do not understand the new constitution to refer to any such matters.' It was evidently intended, by the emphatic words employed — appellate only” — to confine the clause which apparently extends the jurisdiction to other cases, to such powers as, though not appellate, were absolutely necessary in carrying out and completing the jurisdiction given; such as forfeited recognizances, failure of officers to return process, or false returns, motions against them, &c., &c. In all these cases, important questions might arise, and even juries be required. So there is scope enough for that clause, without extending it to the case provided by the act of 1829, by which original jurisdiction would be taken of regular and primary suits between parties. It was intended, in all controversies between parties, that they should have the advantage of two tribunals; first, the Court established by the Legislature, and then by Appeal, the Court of last resort established by the constitution.
The construction contended for, would defeat this provision, in the class of cases embraced. Very ample provision has been made for these cases, by the Legislature, showing that the opinion- has not been entertained, by that body, that the old and easy mode of transferring cases to this Court, in all cases where the Chancellor might be incompetent, still existed. Such cases may be transferred to the Circuit Courts, and the Chancellors interchange with each other, or with the Circuit Judges.
*435 The compilers of the statutes, in 1836, did not incorporate the act of 1829 in their revisal, supposing it was not in force. But it is shown that our predecessors have, since that time, taken jurisdiction in such cases, and thereby evinced their opinion that the act was still obligatory upon this Court. It does not appear that the question was ever made, and debated before them, and we have no reported decision upon the question. So we regard it as- an open question. And as it involves a construction, in relation to our jurisdiction and powers, it must be considered an important one.
Upon the fullest examination and reflection we have been able to bestow upon it, we have arrived at the conclusion, that the act of 1829 is not in force, and that we have no jurisdiction in the case. It must, therefore, be stricken from our docket.